## COLLINS v. CITY OF ASHLAND.

(District Court, E. D. Kentucky. December 14, 1901.)

1. JURISDICTION OF FEDERAL COURTS—DIVERSITY OF CITIZENSHIP.

If diversity of citizenship exists at the time suit is brought in a federal court, jurisdiction will not be ousted by the fact that plaintiff has since become a citizen of the same state as defendant.[1]

---

[1] Diverse citizenship as ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.

**2. SAME—CITIZENSHIP—DOMICILE AS DISTINGUISHED FROM RESIDENCE.**

A plaintiff's citizenship, for the purposes of the jurisdiction of a federal court, depends upon his domicile, which is a different thing from his residence, and may be in a different state.

**3. SAME—BURDEN OF PROOF AS TO CITIZENSHIP.**

Where a petition alleges the necessary diverse citizenship to give the court jurisdiction, the burden of alleging and proving that plaintiff was a citizen of the same state as defendant, to defeat the jurisdiction, rests upon the defendant; but proof that he resided in such state at the time the action was brought is sufficient prima facie, and shifts to plaintiff the burden of showing that his domicile, and consequent citizenship, was not the same as his residence.

**4. DOMICILE—CHANGE OF RESIDENCE—INTENT.**

A person does not lose his domicile and citizenship in one state by removing to another to reside temporarily, and with the intention of returning to his former residence at a definite time in the future.

**5. SAME—EVIDENCE OF INTENTION.**

Upon the question of a person's intention in changing his residence, as affecting his domicile, while his actions are the best evidence, his own testimony may be considered, and will be controlling, where it is not inconsistent with his actions or declarations.

**6. JURISDICTION OF FEDERAL COURTS—CITIZENSHIP OF PLAINTIFF—EVIDENCE OF CHANGE OF DOMICILE.**

Plaintiff in an action in a federal court against a city in Kentucky alleged that he was a citizen of Ohio when the action was commenced. On a plea traversing such allegation, and alleging that he was a citizen of Kentucky, the evidence showed that he was a native of Ohio, and, until three months before the action was brought had always resided there, except for two temporary removals, after each of which he had returned; that he worked in defendant city, but owned a house across the river, in Ohio, where he resided until October before the action was brought, in January, when he removed across the river into Kentucky, as he testified, to be nearer his work during the winter, and with the intention of returning in the spring. He did not in fact return in the spring after the action was commenced, but gave satisfactory reasons for not doing so, and testified that it had ever since been his intention to return the following spring. He retained his house in Ohio, and voted there in the fall after his removal, and had never voted in Kentucky. *Held*, that such evidence was insufficient to show a change of domicile, to defeat the jurisdiction of the court.

At Law. On plea to jurisdiction.

D. W. Steele, Jr., for plaintiff.

Proctor K. Malin, for defendant.

COCHRAN, District Judge. This action was brought on the 18th day of January, 1901, by the plaintiff, Edward T. Collins, who alleges in his petition that he was then a citizen and resident of the county of Lawrence and state of Ohio, against the city of Ashland, a municipal corporation of this state, to recover damages for personal injuries. The defendant has filed a plea to the jurisdiction of the court, in which it denies that the plaintiff, at the time this suit was brought, was a citizen or resident of the state of Ohio, and alleges that he was at that time, and long prior thereto had been, a citizen and resident of the state of Kentucky. The plaintiff has filed a reply to this plea, denying the allegation that he was then a citizen and resident of the state of Kentucky. This plea has been submitted to the court for trial upon the pleadings, and upon proof taken by depositions. From that proof this state of facts appears: In September or October,

1900, the plaintiff, with his family, was residing in Perry township, Lawrence county, Ohio, upon a place containing about five acres, which he had previously purchased a year or so before, and where he had been continuously residing from the time of his purchase. At that time he moved with his family and household goods to the city of Ashland, Ky., and he has continued to reside there ever since. He has been employed during that time at the Clinton Firebrick Works, located in that city. He still owns the place in Ohio before referred to. The plaintiff seems to have been born in the state of Ohio, and to have lived there ever since, except for the time above mentioned, for a portion of time in the year 1894, and from November, 1896, to June, 1898, during which two earlier periods he resided in the city of Ashland with his family, and was employed there since September or October, 1900. During the period from November, 1896, to June, 1898, while living in Ashland, he paid a poll tax to the city. He is past 30 years of age, and has always voted in Lawrence county, Ohio. He voted there at the November election, 1900, and at the November election, 1899. He did not vote in November, 1901. He has never voted in Ashland, Ky., or at any other place than in Lawrence county, Ohio. He testifies positively and distinctly that he has all his life claimed Lawrence county, Ohio, as his home, and that his residence in the city of Ashland at the times above stated was merely temporary. He states that when he moved with his family to Ashland in September or October, 1900, he then had the intention of returning in the spring to Lawrence county, Ohio; that he did not return in accordance with his intention, because the tenant to whom he had rented the place in the meantime until the 1st of March, 1901, was not willing to give up possession, but that really he would not have returned at that time anyhow, because he owed some debts in the city of Ashland, and he feared that, if he attempted to move away, his creditors might attach his goods; and that it is his present intention to return there next spring. He states that he paid the poll tax above referred to because he thought he was compelled to do so.

The question in this case is as to the citizenship of the plaintiff at the time this suit was brought, in January, 1901. It is entirely immaterial that the plaintiff may have acquired citizenship in Kentucky since, on account of what may have transpired since; for it is well settled that, if diverse citizenship exists at the time suit is brought, jurisdiction will not be ousted by the fact that it is done away with after suit is brought. This is so decided in Salt Co. v. Brigel, 30 C. C. A. 415, 86 Fed. 818, and in Louisville, N. A. & C. R. Co. v. Louisville Trust Co., 174 U. S. 552, 19 Sup. Ct. 817, 43 L. Ed. 1081. The sole value, therefore, of what has transpired since this suit was brought, is its bearing, if any, upon the question of citizenship at that time. Citizenship depends upon domicile, and, as domicile and residence are two different things, it follows that citizenship is not determined by residence. In the case of Sharon v. Hill (C. C.) 26 Fed. 337, Deady, J., said:

" 'Citizenship' and 'residence,' as has often been declared by the courts, are not convertible terms."

And in the case of McDonald v. Flour Mills' Co. (C. C.) 31 Fed. 577, Deady, J., said:

"A person may be a citizen of one state or country, and reside for the time being in another."

The burden of showing that plaintiff's domicile and consequent citizenship was in Kentucky, and not in Ohio, as alleged in the petition, was on defendant. In the case of Association v. Sparks, 28 C. C. A. 399, 83 Fed. 225, Riner, J., said:

"It is the well-settled rule in the federal courts that when the plaintiff's petition, as in this case, sets out the necessary diverse citizenship of the parties, the burden of both allegation and proof rests upon the party who seeks to defeat it."

But though the ultimate fact to be determined is domicile, and consequent citizenship, and not residence, yet the latter fact is evidential of the former. It is prima facie evidence of it, and, nothing else appearing, shifts the burden of evidence to the plaintiff. In the case of Anderson v. Watts, 138 U. S. 694, 11 Sup. Ct. 449, 34 L. Ed. 1078, Mr. Chief Justice Fuller said:

"The place where a person lives is taken to be his domicile until facts adduced establish the contrary."

And in the case of McDonald v. Flour Mills' Co., supra, Deady, J., said:

"And while residence, as a fact, is prima facie evidence of citizenship, it is not conclusive of the question."

The burden of evidence was therefore on the plaintiff to show that his domicile, and consequent citizenship, was not the same as his residence, at the time suit was brought. This he could do, as it is sometimes put, by showing that it was not his intention when he changed his residence from Ohio to Kentucky, in September or October, 1900, or whilst he resided in the latter state, up to the time the suit was brought, to make that his permanent home, but that, on the contrary, it was his intention to reside there only temporarily, and thereafter to return to Ohio. In the case of Railroad Co. v. Carroll, 28 C. C. A. 207, 84 Fed. 772, Pardee, Circuit Judge, said:

"The defendant in error merely changed his residence temporarily without affecting a change of domicile, and while absent in Mississippi he was simply a sojourner, there being no fixed intention to remain. The animo manendi was wanting, without which a change of domicile may not be accomplished. The act of removal, and the intention to remain in the new place of abode, must both concur to effect a change of domicile; and, if either of these ingredients be lacking, the old domicile simply remains, and the new one is not acquired."

See, also, the case of Caldwell v. Firth, 33 C. C. A. 439, 91 Fed. 177.

But it is better to say that it is necessary for him to show, also, that it was not his intention to remain in Kentucky an indefinite time, but to return therefrom to Ohio at some definite time. In the case of Morris v. Gilmer, 129 U. S. 315, 9 Sup. Ct. 289, 32 L. Ed. 690, Mr. Justice Gray said:

"He went to Tennessee without any present intention to remain there permanently or for an indefinite time, but with the present intention to

return to Alabama as soon as he could do so without defeating the jurisdiction of the federal court to determine his new suit. He was therefore a mere sojourner in the former state when this suit was brought."

This is in accordance with the requirement of section 2946, subd. 6, St. Ohio, which is as follows:

"If a person remove to another state with an intention of remaining there an indefinite time and as a place of present residence, he shall be considered to have lost his residence in this state, notwithstanding he may entertain an intention to return at some future period."

The vital question, then, for determination in this case, is, what was the intention of the plaintiff at the time he changed his residence, in September or October, 1900, up to the time of his bringing this suit, with reference thereto? Did he intend to reside permanently or for an indefinite length of time in Kentucky, or did he intend only to reside there temporarily, and to return to Ohio at a definite time? Now, it is true that in determining this question the actions of the plaintiff are the best evidence of his intention. As stated by Mr. Justice McLean in the case of Shelton v. Tiffin, 6 How. 163, 12 L. Ed. 387:

"On a change of domicile from one state to another, citizenship may depend upon the intention of the individual, but this intention may be shown more satisfactorily by acts than declarations. An exercise of the right of suffrage is conclusive on the subject."

But in determining the question of intention the courts are not limited alone to the acts and declarations of the party whose citizenship is in question. It has a right to consider his own testimony as to his intentions, and such testimony in this particular will be controlling, unless negatived by his acts or declarations proven in the case. In the case of Kemna v. Brockhaus (C. C.) 5 Fed. 762, Dyer, District Judge, said:

"It is true, as assumed, that intention is to be collected from acts, and therefore it is not competent for a party to prove his own declarations of intention, made, before any acts done, in order to give character to his subsequent acts; but where acts have been done, such as actual removal from one place to another, it is, as I understand, competent, in a case like this, for the party to testify to his purpose and intention as connected with those acts, when they are brought in question, precisely as, in a case where fraud is charged, an actor in a transaction may be asked directly whether any fraud was intended. It is, of course, the duty of the court in such cases to scrutinize the acts to see if they correspond with the alleged purpose."

And in the case of Sharon v. Hill, Deady, J., said:

"The residence and intent must coexist and correspond; and though, under ordinary circumstances, the former may be sufficient evidence of the latter, it is not conclusive, and the contrary may always be shown; and when the question of citizenship turns on the intention with which a person has resided in a particular state, his own testimony, under ordinary circumstances, is entitled to great weight on the point."

The plaintiff, as heretofore stated, testified that his residence in Ashland was only temporary, and that his intention at the time of his removal, in September or October, 1900, and up to the bringing of the suit, had been to return to Ohio in the spring. This is borne out by the significant fact that after his removal in November, 1900, he voted in Ohio. Tending in the same direction are the facts that he

was born and raised in Ohio, and had lived there all his life, except the three short periods above mentioned; that after each of the two first periods of residence in Ashland he had returned to Ohio; and that after his last removal he retained the ownership of the place where he was then living. There are no declarations on his part proven which negative his testimony as to his intention. Nor do any of the acts on his part have such effect. The fact that he did not return in the spring is explained, as above indicated, and he swears that it is his present intention to return next spring. Counsel suggest that his statement that he did not return in the spring because of fear that his creditors might attach his goods indicates that he claimed citizenship in Kentucky, and benefit of its exemption laws, and was under the impression that if he undertook to remove to Ohio he would lose his exemptions. We do not think such an inference can be drawn therefrom. It indicates nothing as to what he thought as to his citizenship or exemptions. The fact that his creditors might regard it as an attempt to evade his debts, and annoy him with attachments, is sufficient to account for his fear. The fact that his place of working and earning a living was in Ashland does not rebut the idea of his former intention to return to Ohio last spring, or of his present intention to return there next spring. The place in Ohio where he lived was opposite Ashland, and it was possible for him to work in Ashland and live in Ohio; and he testified that his object in moving to Ashland in fall of 1900 until last spring was to save the walk, and to be continuously at work during the winter. During the time that he lived in Ohio between his present residence in Ashland and the one just before it, he worked in Ashland, as he is now doing.

For these reasons, it must be held that plaintiff was a sojourner in, and not a citizen of, Kentucky when this suit was brought. The plea to the jurisdiction of the court is overruled.

---

[1] Diverse citizenship as ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249, and Mason v. Dullagham, 27 C. C. A. 298.