516 A.2d 784

In Re: Nomination Petition of Natale F. Carabello, Jr., as Candidate for the Office of Member of the Ward Executive Committee of the Democratic Party from the 47th Division of the 39th Ward of the City and County of Philadelphia. Objection of Mary Ann Soriano. Mary Ann Soriano, Appellant.

Argued March 20, 1984, before Judges MACPHAIL and DOYLE, and Senior Judge BARBIERI, sitting as a panel of three.

*Gregory M. Harvey, Morgan, Lewis & Bockius,* for appellant.

*Steven Arinson,* for appellee.

OPINION BY JUDGE MACPHAIL, March 26, 1984:

On March 20, 1984, we entered an order reversing an order of the Court of Common Pleas of Philadelphia. This opinion is written to support our order.

Mr. Carabello is a candidate for the office of member of the Ward Executive Committee of the Democratic Party from the 47th Division of the 39th Ward of Philadelphia. His nomination petition was challenged on the ground that the candidate did not meet the residency qualifications as set forth in Sections 807 and 812 of the Pennsylvania Election Code (Code), Act of June 3, 1937, P.L. 1333, *as amended,* 25 P.S. §§2837 and 2842, and Rule II, Article 2, Section B of the Rules of the Democratic Party of the City and County of Philadelphia.[1]

---

[1] SECTION B. All members of the Ward Committee representing certain districts shall during their term of office have the proper qualifications *and be resident voters of the district they represent in the said Ward Committee.* (Emphasis added.)

Although we have no opinion from the Court of Common Pleas,[2] it appears from the record that the basis upon which the petition was denied was that matters of residency should first be adjudicated by the City's Election Bureau.[3]

There is, of course, The First Class City Permanent Registration Act (Act), Act of March 30, 1937, P.L. 115, *as amended,* 25 P.S. §§623-1—623-46, which relates in part to challenges to persons desiring to *register*[4] but the Act is not part of the Code and, as we have noted, pertains to registration only. We find no provisions in the Code nor have any been cited to us which would require challenges to nominating petitions based upon residency requirements to be filed with a registration commission or a city election bureau. We conclude, therefore, that the Court of Common Pleas erred in this respect.

Concerning the merits of the residency requirement, we note that the record is clear that the candidate testified that he owns and resides in a residence at 2133 Porter Street in Philadelphia with his wife and child. That address is not within the district the candi-

---

[2] The order said in its entirety, "Petition denied."

[3]   MR. HARVEY: And your Honor also in his remarks said that if an individual had been permitted to vote from a residence, your Honor was disinclined to consider whether in fact he resides at some other place.

THE COURT: Without them first going before the Election Board or City Commissioners and raising that issue there, yes.

. . . .

THE COURT: Well, as I previously stated, apparently Mr. Carabello has been voting from that residence for quite a number of years. I personally believe that these cases should properly be brought before the Election Bureau before they are brought here. However, we went ahead with everything in this case. It is the decision of the Court that the Petition will be denied.

[4] Sections 22 and 25 of the Act, 25 P.S. §§623-22 and 623-25.

date seeks to represent. The candidate's voter registration certificate gives his address as 1330 Mifflin Street which is within the district the candidate seeks to represent. That residence, however, is owned by the candidate's mother who, together with the candidate's aunt, are its sole permanent occupants.

At the hearing in the Court of Common Pleas, the candidate contended that upon his father's recent death, he, the candidate, became the "padrome" of the family. That succession together with the facts that he maintains a room in the house, visits his mother and aunt frequently and occasionally sleeps there does not, in the opinion of this Court, constitute 1330 Mifflin Street as his residence or domicile. Neither do we believe that the facts that the candidate was elected to City Council from the voting district wherein the Mifflin Street residence is located and has always voted in that district satisfy the residency requirements of the Code and the Rules of the Democratic Party. The provisions of Section 704(d) of the Code, 25 P.S. §2814(d) are clear:

In determining the residence of a person desiring to register or vote, the following rules shall be followed so far as they may be applicable:

. . . .

(d) The place where the family of a married man or woman resides shall be considered and held to be his or her place of residence, except where the husband and wife have actually separated and live apart, in which case the place where he or she has resided for two months or more shall be considered and held to be his or her place of residence.

This Court is aware, of course, of the recent order of our Supreme Court in the *Nomination Petition of Roxanne Jones*, (16 M.D. Appeal Docket 1984, filed March 15, 1984) directing that "standing qualifications"

for membership in the Senate and House of Representatives of Pennsylvania are non-justiciable and must be determined by "the body itself". While it is at least arguable that questions such as the one now before us by analogy should be determined by the appropriate Committee of the Democratic Party, we will hold that the *Roxanne Jones* order must be narrowly construed and limited to challenges involving candidates for the General Assembly. We conclude that the issue now before us is justiciable.

For the foregoing reasons, we reversed the order of the Court of Common Pleas in the within matter.

## ORDER

The order of the Court of Common Pleas of Philadelphia County entered February 14, 1984 is reversed. The name of Natale F. Carabello, Jr. shall not appear on the ballot on April 10, 1984 for the office of Member of Ward Executive Committee of the Democratic Party from the 47th Division of the 39th Ward of the City and County of Philadelphia. Opinion to follow.