IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pennsylvania Democratic Party    :
and Emilio A. Vazquez,    :
                   Petitioners   :
                                 :
             v.               :
                                 :
The Pennsylvania Department of State,  :
The Hon. Pedro A. Cortes, and Jonathan :
Marks,                       :   No. 80 M.D. 2017
              Respondents   :   Argued: March 1, 2017


BEFORE: HONORABLE ANNE E. COVEY, Judge[1]

OPINION BY
JUDGE COVEY                      FILED: March 3, 2017


      On February 27, 2017, the Pennsylvania Democratic Party (Party), by and through Chairman Marcel L. Groen (Groen) and Deputy Executive Director Corey Pellington (Pellington), filed with the Pennsylvania Department of State (State Department) a substitute nomination certificate designating Emilio A. Vazquez (Substitute Candidate) as the Party's candidate in the March 21, 2017 special election for State Representative in the 197th Legislative District (Substitute Nomination Certificate). The State Department rejected the Substitute Nomination Certificate and issued a 2017 Substitute Nomination Certificate Rejection Notice (Rejection Notice) stating that the Substitute Nomination Certificate "cannot be accepted for the following reason[]: Untimely Filing." Rejection Notice.

---

[1] Upon consideration of Respondents', the Pennsylvania Department of State, The Honorable Pedro A. Cortes, and Jonathan Marks, application requesting designation of the memorandum opinion as a published opinion, the Court approved the above-captioned opinion for publication pursuant to 210 Pa. Code § 69.412(c), and the opinion may be cited in accordance with 210 Pa. Code § 69.414(d).

On February 27, 2017, the Party and the Substitute Candidate (collectively, Substitute Candidate) filed with this Court a Petition for Writ of Mandamus to Require the Department of State to Accept the Substitute Nomination Certificate (Mandamus Action). On February 28, 2017, the State Department, the State Department Secretary Pedro A. Cortés, and Jonathan Marks (collectively, the Department) filed an Answer to the Mandamus Action. On February 28, 2017, this Court entered an Order scheduling oral argument for March 1, 2017 on the Mandamus Action. On March 1, 2017, the Philadelphia Republican City Committee and duly-qualified electors of the 197th Legislative District James Hines, Melinda Riggs, Troy Bouie and Diep Nguyen filed with this Court a Petition to Intervene in the Mandamus Action (Petition). Argument in this matter convened on said date. At the commencement of oral argument, the Court asked Substitute Candidate and the Department if they objected to the Petition. Both parties said they had no objection, and the Court granted the Petition.

## Background

Section 629 of the Pennsylvania Election Code (Election Code),[2] 25 P.S. § 2779, authorized the Party to submit a nomination certificate to fill the 197th Legislative District seat left vacant when former State Representative Leslie Acosta resigned. On January 27, 2017, the Party, by and through Groen and Pellington, filed with the State Department a nomination certificate designating Frederick Ramirez (Original Candidate) as the Party's candidate in the March 21, 2017 special election for State Representative in the 197th Legislative District (Nomination Certificate). On February 2, 2017, James Hines, Melinda Riggs, Troy

---

[2] Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. §§ 2600-3591.

2

Bouie and Diep Nguyen (collectively, Objectors) filed a petition to set aside the Party's Nomination Certificate (Objection Petition) as defective based upon Original Candidate's residency. On February 3, 2017, this Court entered a Scheduling and Case Management Order setting a hearing for February 8, 2017 on the Objection Petition. The hearing in that matter convened on said date. Original Candidate and Objectors were represented by counsel.

On February 23, 2017, this Court recognized:

> [T]he provisions of the [] Election Code relating to the form of nominating petitions and the accompanying affidavits are not mere technicalities, but are necessary measures to prevent fraud and to preserve the integrity of the election process. The requirements of sworn affidavits in the [] Election Code are to insure the legitimacy of information crucial to this process. Thus, the policy of liberal reading of this statute cannot be distorted to emasculate those requirements necessary to assure the probity of the election process.
>
> *In re Nomination Petitions of McIntyre,* 778 A.2d 746, 751 (Pa. Cmwlth.) (citations omitted), *aff'd,* 770 A.2d 326 (Pa. 2001). Moreover, 'a false affidavit must be [*a*]*t least* equated with the failure to execute the affidavit. . . . [T]he fact remains that when [an] affidavit [is] taken the facts sworn to [must be] true. [If they are not, s]uch a defect cannot be cured by subsequent conduct and the petition [is] therefore void and invalid.' *In re Nomination Petition of Cianfrani,* 359 A.2d 383, 384 (Pa. 1976). Accordingly, **if Objectors prove that [Original] Candidate's residency statement is intentionally false, the Party's Nomination Certificate is invalid**. *See In re Nomination Petition of Hanssens*, 821 A.2d 1247 (Pa. Cmwlth. 2003), *as amended* May 20, 2003.

*In re Nomination Certificate of Ramirez* (Pa. Cmwlth. No. 44 M.D. 2017, filed February 23, 2017), slip op. at 4 (footnote omitted; emphasis added). The Court

3

determined that "Objectors ha[d] met their burden of showing that [Original] Candidate is not domiciled at 430 West Annsbury Street, but rather at 8875 Ridge Avenue, and that "[Original Candidate] ha[d] not rebutted Objectors' evidence by proving that he resided at 430 West Annsbury Street since March 21, 2016." *Id.*, slip op. at 46, 49. Therefore, this Court held: "[B]ecause Objectors have proven that [Original] Candidate's residency statement is intentionally false, **the Party's Nomination Certificate is invalid**. *See Hanssens.*" *Ramirez,* slip op. at 49 (emphasis added). Accordingly, this Court "ORDERED: [] The petition to set aside [Original] Candidate's Nomination Certificate is hereby GRANTED." *Id.* at Order.

## Discussion

Initially,

> [t]he writ of mandamus exists to compel official performance of a ministerial act or mandatory duty. Mandamus cannot issue 'to compel performance of a discretionary act or to govern the manner of performing [the] required act.' *Volunteer Firemen's Relief Ass*['n] *of the City of Reading v. Minehart . . .* , 203 A.2d 476, 479 ([Pa.] 1964). **This Court may issue a writ of mandamus where the petitioners have a clear legal right, the responding public official has a corresponding duty, and no other adequate and appropriate remedy at law exists**.

*Brown v. Levy,* 73 A.3d 514, 516 n.2 (Pa. 2013) (citations omitted; emphasis added).

Section 634 of the Election Code provides:

**Substituted nominations for special elections**

4

(a) **Any vacancy happening or existing in any party nomination for a special election by reason of the death or withdrawal of any candidate**, may be filled by a substituted nomination made by such committee as is authorized by the rules of the party to make nominations in the event of vacancies on the party ticket in the form prescribed by [S]ection 630 of this [Election Code, 25 P.S. § 2780].

(b) In case of the death or withdrawal of any candidate nominated by a political body for a special election, the committee named in the original nomination papers may nominate a substitute in his place by filing a substituted nomination certificate in the form and manner prescribed by [S]ection 980 of this [Election Code, 25 P.S. § 2940]. In the case of a vacancy caused by the death of any candidate, said nomination certificate shall be accompanied by a death certificate properly certified: Provided, however, That no substitute nomination certificate shall nominate any person who has already been nominated by any political party or by any other political body for any office to be filled at the same special election.

(c) **Substituted nomination certificates to fill vacancies caused by the withdrawal of candidates nominated for a special election shall be filed** with the officer or board with whom the original nomination certificates or papers were filed **not later than seven (7) days after the last day for filing the original nomination certificates or papers.**[3]

(d) Substituted nomination certificates to fill vacancies caused by the death of candidates nominated for a special

---

[3] According to the State Department's Bureau of Commissions, Elections and Legislation, "Calendar for the Special Election to be held March 21, 2017 [for] Representative in the General Assembly for the 197th District in the County of Philadelphia," the last day to file nomination certificates was January 30, 2017, and the "[l]ast day to file substituted nomination certificates [was] 7 days after the deadline for filing [nomination certificates] . . . **February 6, 2017**." (Emphasis added).

> election shall be filed in the office of the officer or board with whom the original nomination certificates or papers were filed at any time prior to the day in which the printing of ballots is started.

25 P.S. § 2784 (text emphasis added). Accordingly, the last day to file a substituted nomination certificate was **February 6, 2017**. Thus, as determined by the State Department, the Party's February 27, 2017 filing of the Substitute Nomination Certificate was untimely.

### Substitute Candidate's Argument

Substitute Candidate argues that Pennsylvania judicial decisions allow candidates to be substituted beyond the statutory deadline where it is shown that the late filing will not disrupt the election because the Election Code's deadlines for candidate withdrawal and substitution are directory, not mandatory. However, the Pennsylvania Supreme Court expressly held: "[A]ll things being equal, the law will be construed liberally in favor of the right to vote but, at the same time, **we cannot ignore the clear mandates of the Election Code**." *In re Canvass of Absentee Ballots of Nov. 4, 2003 Gen. Election*, 843 A.2d 1223, 1231 (Pa. 2004) (emphasis added).

Section 634 of the Election Code, upon which Substitute Candidate relies, **permits substitution in only** two circumstances – **death or withdrawal of a candidate**.[4] Substitute Candidate has cited several cases in support of their

---

[4] *See Essler v. Davis*, 419 A.2d 217 (Pa. Cmwlth. 1980), wherein this Court recognized candidate substitution was permitted only for death or withdrawal by a candidate, and Pennsylvania law does not provide for any other cause for the substituted filling of a vacancy. The *Essler* Court relied on our Supreme Court's opinion in *Watson v. Witkin*, 22 A.2d 17 (Pa. 1941), in which the Court stated: "The authorized party committee can make *substituted* nominations *only when the duly nominated candidate of the party dies or withdraws as a candidate*." *Id.* at 21. Although *Essler* and *Watson* concerned candidate substitutions for vacancies prior to the primary election and involved Section 979 of the Election Code, 25 P.S. §

6

position; however, all are inapposite because, unlike in the instant action, they involved a death or withdrawal by the candidate. In *In re Substitution Nomination for Office of County Commissioner of Allegheny County*, 118 A.2d 750 (Pa. 1955), substitution was permitted because **the original candidate died**. In *In re Substitution Nomination Certificate for the Office of Mayor of the City of Altoona*, 196 A.2d 371 (Pa. 1963), **the original candidate withdrew his name**. In *Perles v. Hoffman*, 213 A.2d 781 (Pa. 1965), **the original candidate withdrew his name** in order to move with his ailing wife to a healthier climate. In *In re Substitute Nomination Certificate of Ross*, 109 A.3d 781 (Pa. Cmwlth.), *aff'd*, 101 A.3d 1150 (Pa. 2014), **the original candidate withdrew his name**.

Substitute Candidate does not assert in his Mandamus Action that Original Candidate either died or withdrew his name from nomination – the **only** two events for which a substitution may occur under the applicable Election Code provision. Rather, the Mandamus Action correctly reflects that this Court set aside the Party's Nomination Certificate and, thus, ordered Original Candidate's name removed from the ballot. None of the Substitute Candidate's above-cited cases similarly involved a court ordering a party's nomination certificate to be set aside and consequently, the candidate's name being removed from the ballot.

Substitute Candidate asserted during oral argument that this Court's February 23, 2017 Order directing removal of Original Candidate's name from the ballot served as an "involuntary withdrawal." Such is not the case. The Election

---

2939 (pertaining to candidate substitution filing date after primary elections) rather than Section 634 of the Election Code (pertaining to candidate substitution in special elections), the holdings are instructive because candidate substitutions under Section 979 of the Election Code are limited to the identical circumstances – candidate death or withdrawal.

7

Code sets forth a detailed method establishing when and how a candidate may withdraw his name from nomination. Section 633 of the Election Code states:

> **Any person who has been nominated by any political party** . . . **for a special election** as herein provided, **may withdraw his name from nomination by a request in writing signed by him and acknowledged before an officer qualified and empowered to administer oaths, and filed in the office of the officer or board with whom the nomination certificate or nomination paper was filed within seven (7) days next succeeding the last day for filing nomination certificates or papers**. Such withdrawals to be effective must be received at the office of the Secretary of the Commonwealth . . . , not later than five (5) o'clock P.M. on the last day for filing same. No name, so withdrawn, shall be printed on the ballot or ballot labels. No candidate may withdraw any withdrawal notice already received and filed, and thereby reinstate his nomination.

25 P.S. § 2783 (emphasis added). Original Candidate did not withdraw his name. Rather, the Party's Nomination Certificate was set aside. Under Section 632 of the Election Code, 25 P.S. § 2782, when an objection to a nomination certificate in a special election is filed, the Court is governed by Section 977 of the Election Code, 25 P.S. § 2937. Pursuant to Section 977 of the Election Code, if the Court finds a defect under Section 976 of the Election Code, 25 P.S. § 2936 (examination of nomination certificates), the nomination certificate shall be "set aside." 25 P.S. § 2937. Thus, Original Candidate's name was removed from the ballot because the Party's **Nomination Certificate was set aside**, **not because Original Candidate withdrew** his name from nomination.[5]

---

[5] Our Supreme Court and this Court have recognized the significant distinction between a candidate who withdraws his name from nomination, and a candidate whose name is stricken from the ballot. *See In re Nomination Petitions of Benkoski*, 943 A.2d 212 (Pa. 2007); *Oliviero*

Moreover, Substitute Candidate prefaced its Mandamus Action by stating that the State Department denied them the right to place their candidate on the ballot. The State Department has not denied Substitute Candidate any fundamental rights concerning the electoral process with regard to the special election for State Representative in the 197th Legislative District. The Party was aware when Objectors filed their Objection Petition on **February 2, 2017**, that the Party's Nomination Certificate was no longer deemed valid. *See* 25 P.S. § 2782. Section 632 of the Election Code expressly provides, in relevant part:

> **All certificates of nomination** and nomination papers to fill a vacancy as herein provided, which have been accepted and filed **shall be deemed to be valid**, **unless objections thereto are duly made in writing and filed** in the court and with the officer or board with whom said nomination certificates or papers were filed[.]

25 P.S. § 2782 (emphasis added). The deadline for filing a substitute nomination certificate was February 6, 2017. *See* 25 P.S. § 2784(c). The Party had options available when Original Candidate's nomination was challenged. For example, it could allow Original Candidate to remain on the ballot or timely substitute Substituted Candidate for Original Candidate. Notwithstanding its knowledge that Original Candidate's constitutional eligibility to serve as State Representative in the 197th Legislative District was being challenged, the Party opted to continue to put forth Original Candidate as its nominee and let the filing deadline for the Substitute Nomination Certificate pass. Substitute Candidate cites no applicable statute or judicial decision to allow the Court to remedy this decision.

---

*v. Diven*, 908 A.2d 933 (Pa. Cmwlth. 2006); *Lachin v. Berks Cnty. Bd. of Elections*, 887 A.2d 326 (Pa. Cmwlth.), *aff'd*, 884 A.2d 867 (Pa. 2005).

9

**Conclusion**

The General Assembly in enacting the Election Code established an orderly electoral process. *See Costa v. Cortés*, 143 A.3d 430 (Pa. Cmwlth. 2016). Importantly, the Election Code does not provide for a substitute candidate under the circumstances presented herein. "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b).

Substitute Candidate is seeking mandamus for which the law requires there exist a clear legal right and a corresponding duty. *Brown.* "**The purpose of mandamus is not to establish legal rights**, but to enforce those rights already established beyond peradventure." *Byrd v. Pa. Bd. of Prob. & Parole*, 826 A.2d 65, 67 (Pa. Cmwlth. 2003) (emphasis added) (quoting *McGill v. Pa. Dep't of Health, Office of Drug & Alcohol Programs*, 758 A.2d 268 (Pa. Cmwlth. 2000)). The courts have no power to legislate; that authority is solely within the province of the General Assembly. *See Harris-Walsh, Inc. v. Dickson City*, 216 A.2d 329 (Pa. 1966). Therefore, the Election Code which expressly provides only two circumstances when a candidate substitution is permitted, neither of which are applicable herein, cannot be rewritten by the Court to allow the Party to substitute Substitute Candidate after the filing deadline **solely** because the Party's Original Candidate it nominated did not meet the constitutional residency requirements, and its Nomination Certificate was set aside. Accordingly, there exists no basis upon which the extraordinary remedy of mandamus may be granted in the instant case.

10

# **O R D E R**

For all of the above reasons, the Court enters the following Order:

AND NOW, this 3rd day of March, 2017, it is hereby Ordered that Substitute Candidate's Mandamus Action is **DISMISSED.**

_____
ANNE E. COVEY, Judge

11