In Re: Nomination Petition of Dick Vidmer, Candidate for the Democratic Nomination for Representative in the General Assembly From the 26th District.

In Re: Nomination Petition of Richard F. Vidmer, Candidate for Election of the House of Representatives of the Commonwealth of Pennsylvania.

Petitions of Louis M. Savers, James R. Brown and Eugene G. Saloom.

Heard March 22, 1982, by Judge MacPhail.

*Thomas B. Schmidt, III, Pepper, Hamilton & Scheetz,* with him *David L. Robinson,* for petitioners.

*John F. Lyons,* for respondent.

Opinion by Judge MacPhail, March 26, 1982:
Two identical petitions have been filed to set aside nomination petitions bearing the name of the candi-

date as "Richard F. Vidmer" but the candidate's affidavit bears the name and signature of "Dick Vidmer". No formal objection has been made to the nomination petition because of the discrepancy and we are well-satisfied that Dick Vidmer and Richard F. Vidmer are one and the same person. We shall treat both petitions to set aside as one.

At the hearing before this Court on March 22, 1982, Mr. Vidmer first challenged our jurisdiction to hear this matter, contending that proper jurisdiction lies with the court of common pleas. He contends that jurisdiction is vested in that court by Section 977 of the Pennsylvania Election Code (Election Code), Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. §2937. Prior to 1974, challenges to nomination petitions were directed by Section 977 of the Election Code to be filed with the court of common pleas of the county where the nomination petition was filed. As amended, Section 977 now requires such challenges to be filed with the "court". By virtue of Section 764(2) of the Judicial Code, 42 Pa. C. S. §764(2) this Court was vested with exclusive jurisdiction of all matters arising in the Office of the Secretary of the Commonwealth "relating to Statewide office." While the statutory language may seem facially to restrict our jurisdiction to state-wide contests such as governor, appellate court judges, etc., it is clear that the intent of the Legislature was to confer jurisdiction on this Court in all election matters where a State, as opposed to a county or municipal, office was at issue and where nomination petitions for such offices were filed with the Secretary of the Commonwealth. That "State offices" include State senators and representatives is evident from the language found in Section 913(e) of the Election Code, 25 P.S. §2873(e), where it is provided in pertinent part that

"[n]omination petitions in the case of candidates for . . . all State offices, *including* senators, representatives and judges of courts of record . . . shall be filed with the Secretary of the Commonwealth." (Emphasis added.) The obvious reason for this Court to handle such matters is its accessibility for state election officials such as the Secretary of the Commonwealth. At least since 1976, this Court has handled all such election matters pertaining to nomination petitions for State senators and representatives and to retreat from that position now would inject chaos into what is an orderly process. This we need not do by virtue of the statutory construction which we have placed upon the language set forth in Section 764(2). We will, accordingly, affirm our denial of Vidmer's objection to our jurisdiction.

Two other matters deserve brief attention before we reach the substantive issue raised by the petition to set aside the nominating petitions. Petitioners subpoenaed and called as their witness Mrs. Vidmer, the wife of the candidate. Counsel for the candidate objected to having Mrs. Vidmer testify because her testimony would be privileged as a confidential communication between spouses under Section 5923 of the Judicial Code, 42 Pa. C. S. §5923. Since the privilege was not asserted by Mrs. Vidmer personally and since none of her testimony would fall within the category of a confidential communication, we affirm herewith our ruling at the hearing which overruled the objection.[1]

During the course of Mrs. Vidmer's testimony, reference was made to certain matters the witness was directed to bring with her to the hearing in the

---

[1] We note with emphasis that no objection was made to the *competency* of Mrs. Vidmer under Section 5924 of the Judicial Code, 42 Pa. C. S. §5924.

subpoena which was served upon her. Counsel for Vidmer objected to the introduction of those matters because the subpoena was served on Sunday. We reserved our ruling, but fortunately, none of the matters subpoenaed were introduced into evidence at the hearing. Counsel's objection was clearly valid under Section 5107 of the Judicial Code, 42 Pa. C. S. §5107. Inasmuch as no prejudice has occurred by reason of our delay in this evidentiary ruling, however, we will proceed now to consider the substantive issue.

The candidate seeks nomination for election to the House of Representatives from the 26th Legislative District. Article II, Section 5 of the Constitution of Pennsylvania provides, *inter alia,* that members of the House of Representatives shall have been "citizens and inhabitants" of the State four years next before their election. The general election for the House seat Mr. Vidmer seeks will occur November 2, 1982. The critical date when Mr. Vidmer must have been a citizen and inhabitant of Pennsylvania in order to qualify for the office he seeks is November 1, 1978. The terms "citizen" and "inhabitant" are troublesome to be sure but guidance is afforded to us by our Supreme Court in *Lesker Case,* 377 Pa. 411, 105 A.2d 376 (1954), where our Supreme Court construed similar language appearing then in Article II, Section 5 of the Constitution of 1874. In *Lesker* the Court said that in the terminology of Pennsylvania jurisprudence, "inhabitant is intended to mean the most permanent type of dweller or resident". *Id.* at 413, 105 A.2d at 378. The Court went on to say that domicile, as distinguished from residence, was the "fixed, permanent, final home to which one always intends to return." *Id.* at 418, 105 A.2d at 380. The Court added that the intention must also be accompanied by supporting physical facts. In order to change one's

.domicile, the Court held there had to be not only the *animus* but the *factum* as well; that is, one cannot by intention, express or unexpressed, effect a change in domicile without actually physically relocating. Applying the law in *Lesker* to the case before us, Petitioners would have to prove that Vidmer was not an inhabitant, i.e. a permanent resident within the 26th Legislative District for a continuous period of four years preceding November 2, 1982 or their petition must be dismissed.

Vidmer was definitely an inhabitant, resident and domiciliary of Pennsylvania when he entered the University of Michigan in the fall of 1963. In 1968, however, in order to qualify as a Michigan resident to obtain a lower tuition fee, Vidmer dropped out of school, took up a residence in Michigan and worked for the required period of time to qualify as a permanent resident of that state. He stayed in Michigan until he went to the University of Virginia in Charlottesville and took up a residence there to begin a teaching position in the fall of 1977. At the same time, he was still pursuing his doctoral degree in Michigan. He used his parents' home in Jeannette as an intermediate stop in his trips between Virginia and Michigan. Sometime early in 1979, Vidmer became employed as an administrative assistant by Congressman Bailey. He then took up residence at Alexandria, Virginia. He was married in February of 1979 and lived with his wife in Virginia until they took up their present residence at New Stanton in July of 1981.

Records of the Westmoreland County Election Bureau indicate that although Vidmer registered to vote in Pennsylvania in 1971, he did not cast a ballot in this state. In January of 1979 Vidmer filed a voter registration card showing his address as R. D.

2, Beech Hills, Jeannette and stating that that had been his residence since August of 1978 although he admits that he voted as a Michigan resident in the 1976 and 1978 elections. He paid no Pennsylvania taxes although he did file a Pennsylvania Income Tax return in 1980 for 1979 taxes and paid the tax due. He filed for a refund, however, when he was billed by the state of Virginia for state income tax due there.

Vidmer testified that he always intended to return to Pennsylvania, that he thought of Pennsylvania as his home, that he expected to return to Pennsylvania and that he never considered himself to be a permanent resident elsewhere. He always maintained a Pennsylvania driver's license (although he also had a Virginia license), kept some clothes and miscellaneous furniture at his parents' home and used a Pennsylvania address for his car insurance.

Were it not for Vidmer's action in 1968 when he clearly disassociated himself from his parents' home in Pennsylvania in order to establish himself as a permanent resident in Michigan, we would be constrained to hold that Petitioners had not met their burden in this case to establish that Vidmer was not an inhabitant and citizen of Pennsylvania in November of 1978. Given that change of domicile, however, and the subsequent events in Mr. Vidmer's life to which he candidly testified, it is clear to us that he did not physically relocate in Pennsylvania until 1981.

Therefore, we cannot say that as of November, 1978 Vidmer was a permanent inhabitant and citizen of Pennsylvania. Because he is prohibited by our Constitution from serving in the office he seeks, his nomination petitions must be set aside.

ORDER

The order of this Court is that the nomination petition of Richard F. Vidmer, a/k/a Dick Vidmer, be set aside. The Secretary of the Commonwealth is directed not to certify the name of Richard F. Vidmer, a/k/a Dick Vidmer, as a candidate for Representative from the 26th Legislative District.

The Clerk of this Court is directed to notify forthwith the parties hereto or their counsel of this order and also to certify and forward a copy thereof to the Secretary of the Commonwealth.