**In Re: The Nomination Petitions and Papers of Daniel G. KELLER, (Democratic) Candidate for Pennsylvania State Representative for the 20th District.**

**Appeal of: Karen McCue.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 16, 2010.

Decided April 16, 2010.

Publication Ordered May 6, 2010.

Matthew D. Racunas, White Oak, for appellant.

Bonnie Brimmeier, Pittsburgh, for appellee.

BEFORE: LEADBETTER, President Judge, and BROBSON, Judge, and FLAHERTY, Senior Judge.

OPINION BY President Judge LEADBETTER.

Before the Court is an appeal by Karen McCue (Objector) from an order of the Court of Common Pleas of Allegheny County dismissing Objector's Petition to Set Aside the Nomination Petitions of Daniel G. Keller as Candidate of the Dem-

ocratic Party for the Office of Representative in the General Assembly for the 20th Legislative District.

█ Objector filed objections in the court of common pleas on March 15, 2010, alleging that Keller had failed to disclose a directorship in a business entity on the Statement of Financial Interest filed with his nomination petitions. Subsequently, counsel for Objector filed a motion to transfer the matter to the Commonwealth Court. The transfer motion was initially granted by the Honorable Judith Friedman on March 22, 2010. The transfer order, however, was entered "without prejudice to any respondent to ask this Court to reconsider." Keller did ask common pleas to reconsider the transfer, and the transfer order was vacated.[1] Ultimately, Judge Joseph James agreed that common pleas lacked jurisdiction but also concluded that it lacked authority to transfer the matter. Accordingly, the trial court dismissed the objections for lack of jurisdiction on March 26, 2010. McCue appealed to this court.

Pursuant to Section 977 of the Election Code, Act of June 3, 1937, P.L. 1333, *as amended,* 25 P.S. § 2937, nomination petitions "shall be deemed valid" unless, "within seven days after the last day for filing said nomination petition ..., a petition is presented to the court specifically setting forth the objections thereto, and praying that the said petition ... be set aside." In 2010, the last day for filing nomination petitions was March 9. The last day for filing objections, therefore, was March 16. Objector filed her objections in common pleas on March 15, 2010.

Nomination petitions for all state offices, including senators and representatives in the General Assembly, are filed with the Secretary of the Commonwealth. Section 913 of the Election Code, 25 P.S. § 2873. Accordingly, this court has construed Section 764 of the Judicial Code, 42 Pa.C.S. § 764,[2] as vesting exclusive original jurisdiction over challenges to nomination petitions for state officers, including members of the General Assembly, in the Commonwealth Court. *In re Vidmer,* 65 Pa. Cmwlth. 562, 442 A.2d 1203, *aff'd.,* 497 Pa. 642, 444 A.2d 100 (1982).

It is clear, therefore, that objections to nomination petitions of a candidate for state representative must be filed in this court's original jurisdiction. However, because the Rules of Civil Procedure are generally not applicable to election matters, the trial court concluded that the Rules of Appellate Procedure also did not apply and, therefore, reasoned that Rule of Appellate Procedure 751,[3] governing transfers, was inapplicable. We disagree.

1. Pennsylvania Rule of Appellate Procedure 2543 prohibits applications for reargument or reconsideration before an appellate court in actions arising under the Election Code. As stated in the Official Note, the prohibition furthers the goal of expeditious treatment of election matters. However, there appears to be no such rule governing election matters in common pleas courts.

2. Section 764 provides:

The Commonwealth Court shall have exclusive original jurisdiction of:
(1) Contested nominations and elections of the second class under the act of June 3,

1937 (P.L. 1333, No. 320), known as the "Pennsylvania Election Code."
(2) All matters arising in the Office of the Secretary of the Commonwealth relating to Statewide office, except nomination and election contests within the jurisdiction of another tribunal.

3. Rule 751(2) provides:

If an appeal or other matter is taken to or brought in a court or magisterial district which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the

Former Chief Justice Nix in *In re Johnson*, 509 Pa. 347, 502 A.2d 142 (1985), noted the sole and exclusive remedy for challenging a person's right to run for political office in Pennsylvania is Section 977 of the Election Code, 25 P.S. § 2937. The Supreme Court also stated that "the overriding consideration embodied in Section 977 of the Election Code is the expeditious resolution of objections to a prospective candidate's filings." *Id.* at 351, 502 A.2d at 145. Given that overriding consideration, "[t]o encumber the election process with 'niceties in form' by incorporating the rules of civil procedure by judicial interpretation would frustrate the carefully designed time frame established under the [Election] Code for the expeditious disposition of these objections." *Id.* at 352, 502 A.2d at 145.

Although the Supreme Court in *Johnson* eschewed the incorporation of the Rules of *Civil* Procedure in election matters, it did not address the Rules of Appellate Procedure. To the contrary, footnote one of *Johnson* notes that the matters came to the Supreme Court as direct appeals pursuant to Pa.R.A.P. 1101(a)(1). *Johnson*, 509 Pa. at 349 n. 1, 502 A.2d at 143 n. 1. Indeed, while some Rules of Appellate Procedure relating to time deadlines may be inapplicable for the same reasons cited in *Johnson*, others specifically apply to election matters and have never been declared invalid by this Court or the Pennsylvania Supreme Court. As mentioned earlier, Appellate Rule 2543 prohibits reargument in an appellate court in matters under the Election Code. Appellate Rule 3102(c)(2) provides that a single judge of the Commonwealth Court constitutes a quorum for the purpose of hearing and determining "any election matter." Fur-

ther, Appellate Rule 903 provides that an appeal from a matter arising under the Pennsylvania Election Code must be filed within ten days after entry of the order. Similarly, we believe that the transfer provision of Appellate Rule 751 is applicable to matters arising under the Election Code.

Because of the exceedingly short time frame within which objections must be prepared and filed, dismissal of a petition timely filed in the wrong court would inevitably leave the objector with inadequate time to re-file in the proper jurisdiction. Such a harsh consequence is inconsistent with the principle that our rules should be construed in a manner which promotes the just and efficient resolution of disputes, and we will not impose such a draconian sanction where it is not specifically mandated by statute or procedural rule.

Moreover, Appellate Rule 751 contains nearly identical language to 42 Pa.C.S. § 5103(a), which provides:

> If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth.

Therefore, in addition to the authority of Rule of Appellate Procedure 751, statutory

record thereof to the proper court of this Commonwealth, where the appeal or other matter shall be treated as if originally filed

in transferee court on the date first filed in a court or magisterial district.

authority exists in the Judicial Code to transfer erroneously filed matters. Accordingly, we find that common pleas erred in vacating its earlier order transferring this matter to the Commonwealth Court, and we will transfer the appeal to our original jurisdiction pursuant to 42 Pa.C.S. § 5103(c). *Mercury Trucking, Inc. v. Pa. Pub. Util. Comm'n*, 923 A.2d 1244 (Pa.Cmwlth.2007) (matter transferred from appellate to original jurisdiction).

▮ Because the primary election is fast approaching, we will evaluate the merits of this dispute in order to determine if it can be resolved immediately on the record before us. Keller's Statement of Financial Interest, a copy of which is in the record in this matter, fails to list any directorship. Objector alleges, and Keller does not dispute, that Keller is a director of the Allegheny County Sanitary Authority (ALCOSAN). Objector alleges that failure to disclose a directorship on a statement of financial interest is a fatal defect to a nomination petition, citing *Pilchesky v. Cordaro*, 592 Pa. 15, 922 A.2d 877 (2007).

Keller argues that Objector cannot prevail because: first, a position with a non-profit municipal entity does not require disclosure; and second, if disclosure were required, it is not a fatal defect, but rather amendable under *In re Nomination Petition of Paulmier*, 594 Pa. 433, 937 A.2d 364 (2007). At this point, however, the record has not been sufficiently developed to allow resolution of the objection. Accordingly, a hearing on the matter is required.

In *In re Carroll*, 586 Pa. 624, 896 A.2d 566 (2006), our Supreme Court held that failure to include on a financial interest statement an unpaid directorship on a municipal authority board was not fatal to a candidate's nomination petition. However, Objector argues that the holding in *Carroll* has been brought into question by *Rendell v. Pennsylvania State Ethics Commission*, 603 Pa. 292, 983 A.2d 708 (2009) which, contrary to *Carroll*, but in a distinct context, held that non-profit entities are included in the definition of the term "business" in the Ethics Act. Even assuming that *Carroll* remains controlling in the election law context, however, the exact nature of ALCOSAN, Keller's role with it, and whether Keller received any compensation are not, at this point, a matter of record. Therefore, a hearing is necessary.

Moreover, if we were to find after a hearing that Keller's position with ALCOSAN needed to be disclosed, there is still the issue of whether the omission is an amendable defect, and whether Keller has taken any steps to amend. In *Paulmier*, our Supreme Court held that defects of this sort are generally amendable. Case law does suggest, though, that an omission can be fatal if the Objector can show that it was done intentionally or in bad faith. *See Paulmier* 594 Pa. at 450, 937 A.2d at 374 (Justice Baer, concurring); *In re Shimkus*, 946 A.2d 139 (Pa.Cmwlth.2008). Objector has not averred any basis for claiming bad faith in this particular situation, but suggests she should have an opportunity to present evidence on the issue. Therefore, out of an abundance of caution, we will schedule a prompt hearing and disposition, including an appropriate assessment of costs.

***ORDER***

AND NOW, this 16th day of April, 2010, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is REVERSED, and the matter is TRANSFERRED to this Court's original jurisdiction. The Chief Clerk is directed to docket this case in our original jurisdiction, and schedule **a hearing** on this matter for **11:00 a.m., Thursday, April 22,**

**2010,** Courtroom 3001, Pennsylvania Judicial Center, 601 Commonwealth Ave., Harrisburg, Pa. 17120.

Objector shall personally or by registered mail serve a copy of this order on the Secretary of the Commonwealth. Objector shall file a proof of service with the Chief Clerk promptly thereafter. At the time of hearing, Objector shall offer proof of timely service of the petition to set aside on the Secretary of the Commonwealth.