**Richard C. HVIZDAK, Petitioner**

v.

**COMMONWEALTH of Pennsylvania, Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 12, 2012.
Decided April 24, 2012.

Charles L. Potter, Jr., Pittsburgh, for petitioner.

Kevin A. Moury, Senior Deputy Attorney General, Harrisburg, for respondent.

BEFORE: SIMPSON, Judge, and McCULLOUGH, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Richard C. Hvizdak (Taxpayer) petitions this court for review of the October 14, 2008, order of the Board of Finance and Revenue (Board) denying his petition for review of reassessment of his 2004 Pennsylvania personal income tax. The Board determined that Taxpayer should be taxed as a Pennsylvania resident for the 2004 tax year. We affirm.

Pursuant to the Stipulation of Facts (S/F) filed by the parties in this court,[1] Taxpayer was a Pennsylvania resident from his birth until the end of 2002. Starting with his 2003 tax return, Taxpayer claimed that he was a Florida resident on his Pennsylvania personal income tax returns. Florida does not impose an income tax on individuals. (S/F, ¶ 1.)

---

1. The parties agreed "that the following facts, together with exhibits attached hereto, are true and correct and shall be made part of the record in this case." (S/F at 1.)

Throughout 2004, Taxpayer maintained a permanent place of abode at 799 Osprey Point Circle in Boca Raton, Florida. (*Id.*, ¶ 3.) Taxpayer also maintained throughout 2004 a permanent place of abode at 202 La Grande Drive in Cranberry Township, Pennsylvania. (*Id.*, ¶ 4.) Most of Taxpayer's real property is held in trust, including the La Grande Drive property in Cranberry Township, Pennsylvania and the Osprey Point Circle property in Boca Raton, Florida. (*Id.*, ¶ 5).

Taxpayer and Michele Hvizdak (Wife) were married throughout 2004. Wife has been a Pennsylvania resident from birth until the present day. She filed for divorce in 2007. (*Id.*, ¶ 6.) Wife and Taxpayer have two children, born in 1999 and 2001, who reside in Pennsylvania. Taxpayer and Wife had joint custody of their children throughout 2004. (*Id.*, ¶ 7.) While Taxpayer purchased the necessities of life in Florida during 2004, Wife purchased the necessities of life in Pennsylvania that year. (*Id.*, ¶ 15.) Taxpayer provided the entire support for Wife and their two children during 2004. (*Id.*, ¶ 14.)

Taxpayer was issued a Florida driver's license on August 26, 2004. (*Id.*, ¶ 13(a); *see also id.*, Ex. C.) Taxpayer previously held a Pennsylvania driver's license. (*Id.*, ¶ 13(a).) Taxpayer was registered to vote in Florida as of July 4, 2004. (*Id.*, ¶ 13(b); *see also id.*, Ex. D.) He was previously registered to vote in Pennsylvania. (*Id.*, ¶ 13(b).) Taxpayer worshipped regularly in Florida during 2004. (*Id.*, ¶ 17.) That year, he also participated in social organizations in Florida, belonged to a golf club in Florida, fished in Florida, and all of his social events were held in Florida, but for the fact that he visited Pennsylvania to spend Christmas with his children. (*Id.*, ¶¶ 18, 23 and 27.)

Further, during 2004, Taxpayer was listed in the Florida telephone directory at his Osprey Point Circle address and in the Pennsylvania telephone directory at his business address, 3606 Ridgeway Street, Pittsburgh, Pennsylvania. (*Id.*, ¶ 26.) During this time, Taxpayer also received mail at his Florida residence and at his business office in Pennsylvania, (*id.*, ¶ 24), and he maintained telephone connections for himself in Florida and for Wife in Pennsylvania, (*id.*, ¶ 28). The vast majority of his works of art and furniture were owned by Artifacts LP and located in Pennsylvania. Taxpayer has no professional licenses, (*id.*, ¶ 21), no union memberships, (*id.*, ¶ 22), and, during 2004, he received no unemployment compensation, (*id.*, ¶ 25).

Taxpayer filed a PA–40–2004 Pennsylvania income tax return as a nonresident, reporting $24,452,778.00 of income taxable to Pennsylvania. (*Id.*, ¶ 8.) Taxpayer admitted that he was married on this return, but he did not indicate whether he was filing jointly or separately. (*Id.*) Wife did not file a separate personal income tax return for 2004. (*Id.*)

On May 22, 2007, the Commonwealth of Pennsylvania, Department of Revenue (Department) issued a notice of assessment to Taxpayer. (*Id.*, ¶ 9.) This assessment recalculated Taxpayer's taxable Pennsylvania income as a resident in the amount of $36,191,432.00 thereby significantly reducing the amount of his refund. (*Id.*) Taxpayer appealed this assessment to the Department's Board of Appeals (BOA), which denied Taxpayer's claim. (*Id.*, ¶ 10.) Taxpayer appealed to the Board, which upheld the decision of the BOA. (*Id.*, ¶ 11.) Taxpayer then filed a petition for review with this court.[2]

---

2. This court's docket entries show that Taxpayer's petition for review was filed on No- vember 3, 2008. Moreover, the parties held a

■ On appeal,[3] Taxpayer argues that, because he was not domiciled in Pennsylvania during 2004 **and** because he did not spend more than 183 days in Pennsylvania during 2004, he should not be considered a Pennsylvania resident for the 2004 tax year.[4] Taxpayer's claim that he was not a Pennsylvania resident for the 2004 tax year lacks merit.

Section 301(p) of the Tax Reform Code of 1971 (Code),[5] 72 P.S. § 7301(p) (emphasis added), provides as follows:

> (p) **"Resident individual"** means an individual who is domiciled in this Commonwealth unless he maintains no permanent place of abode in this Commonwealth and does maintain a permanent place of abode elsewhere and spends in the aggregate not more than thirty days of the taxable year in this Commonwealth; **or** who is not domiciled in this Commonwealth but maintains a permanent place of abode in this Commonwealth and spends in the aggregate more than one hundred eighty-three days of the taxable year in this Commonwealth.

We note that, "[i]n the case of an individual domiciled in this Commonwealth, the maintenance of a permanent place of abode in this Commonwealth is alone suffi- cient to make him a resident for tax purposes." 61 Pa.Code § 101.3(a).[6]

■ A domicile is defined in 61 Pa. Code § 101.1 as "[t]he place which an individual intends to be his permanent home and to which he intends to return whenever he may be absent." However, in *Dorrance's Estate*, 309 Pa. 151, 170, 163 A. 303, 309 (1932), our Supreme Court stated that "a domicile of choice may not be retained by intention alone." It must also be shown by one's conduct. *Id.* Once a domicile has been acquired, the burden of proving a change in domicile is on the person making the allegation. *In re Nomination Petition of Prendergast*, 543 Pa. 498, 506, 673 A.2d 324, 327–328 (1996).

In an attempt to prove that he was a Florida domiciliary during 2004, Taxpayer emphasizes that he had a Florida driver's license as of August 26, 2004, and that he was registered to vote in Florida as of July 4, 2004. However, "[t]he fact that an individual registers and votes in one place is important but not necessarily conclusive, especially if the facts indicate that he did this merely to escape taxation in some other place." 61 Pa.Code § 101.3(b). As the parties agreed, Florida does not impose an income tax on individuals. (S/F, ¶ 1.) The parties did not stipulate to any

settlement conference to discuss this case on May 27, 2010. (S/F, ¶ 13(e).)

3. Our scope of review in appeals from decisions of the Board of Finance and Revenue is *de novo* because we function as a trial court, even though such cases are heard in our appellate jurisdiction. *All Staffing, Inc. v. Commonwealth of Pennsylvania*, 987 A.2d 849, 852 n. 7 (Pa.Cmwlth.2010). Questions raised by the petition for review are determined by the record created before this court or on the parties' stipulation of facts. *Id.* That stipulation is binding and conclusive on this court, but we may draw our own legal conclusions from those facts. *Id.*

4. Taxpayer asserts that his "calendar and summary show that [he] spent 212 days outside of Pennsylvania in 2004." (Taxpayer's Br. at 10.)

5. Act of March 4, 1971, P.L. 6, *as amended*. Section 301(p) of the Code was added by the Act of August 31, 1971, P.L. 362.

6. *See also* 61 Pa.Code § 101.1 (also defining "[r]esident individual"). This code section further defines "[p]ermanent place of abode" as "[a] dwelling place maintained by the taxpayer, whether or not owned by him. This term generally includes a dwelling place owned or leased by the taxpayer's spouse." *Id.*

other reason why Taxpayer may have moved to Florida.

 Given that Taxpayer and Wife were married throughout 2004, Wife and Taxpayer's and Wife's minor children resided in Pennsylvania throughout 2004, Taxpayer and Wife had joint custody of their children throughout 2004, and Taxpayer provided the entire support for Wife and their two children throughout 2004, (S/F, ¶¶ 6, 7 and 14), we hold that Taxpayer, by his intention and conduct, made Pennsylvania his domicile throughout 2004. Our Supreme Court stated in *Dorrance's Estate,* 309 Pa. at 174, 163 A. at 311 (citation omitted), that "[t]he intention required for the acquisition of a domicile of choice is an intention to make a home in fact, and not an intention to acquire a domicile." *See Prendergast,* 543 Pa. at 506, 673 A.2d at 327 (providing that a domicile is the place where a person has fixed the family home and principal establishment); *see also In re Petition to Set Aside the Nomination Petition of Hanssens,* 821 A.2d 1247, 1252 (Pa.Cmwlth.2003) (same). Thus, on these facts, Taxpayer has not proven a change of domicile from Pennsyl-

vania to Florida for the 2004 tax year.[7] Further, because he was a Pennsylvania domiciliary, Taxpayer's maintenance of a permanent place of abode in Cranberry Township, Pennsylvania, alone sufficed to make him a Pennsylvania resident for tax purposes for the 2004 tax year. 61 Pa. Code § 101.3(a).

Accordingly, we affirm.[8]

Judge LEAVITT and Judge BROBSON did not participate in the decision in this case.

### ORDER

AND NOW, this 24th day of April, 2012, the Order of the Board of Finance and Revenue, dated October 14, 2008, is hereby affirmed. This order shall become final unless exceptions are filed within thirty days pursuant to Pa. R.A.P. 1571(i).

---

7. *Cf. Smith v. Smith,* 364 Pa. 1, 6, 70 A.2d 630, 633 (1950) (finding the defendant was a Florida domiciliary where he "severed all Pennsylvania ties and established himself anew in Florida").

8. We note that the 183–day rule applies only to taxpayers who are not domiciled in Pennsylvania. *See* 61 Pa.Code § 101.3(a). Therefore, we need not reach Taxpayer's argument that he was not a Pennsylvania resident be-

cause he was outside of Pennsylvania for 212 days during 2004. However, were we to decide the matter, we are confident that Taxpayer would not prevail because he has not adequately accounted for his comings and goings to and from Pennsylvania in accordance with 61 Pa.Code § 101.5, which sets forth specific rules for "counting the number of days spent within and without this Commonwealth."