**Madeline J. SZABO and Frank W. Szabo, Petitioners**

v.

**COMMONWEALTH of Pennsylvania, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 11, 2014.

Decided June 6, 2014.

Frank W. Szabo, pro se.

Kevin A. Moury, Senior Deputy Attorney General, Harrisburg, for respondent.

BEFORE: COHN JUBELIRER, Judge, and LEAVITT, Judge, FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Madeline J. Szabo and Frank W. Szabo (Taxpayers) petition for review of the December 13, 2011, and May 22, 2012, orders of the Board of Finance and Revenue (BFR) that respectively denied and dismissed their appeals from the determinations of the Department of Revenue Board of Appeals (BOA). The BOA sustained the decisions of the Department of Revenue (Department) denying Taxpayers' requests for a refund of personal income tax and assessing penalties against Taxpayers. We affirm.

This case involves four years of Taxpayers' personal income tax returns. In 2006, Taxpayers filed their professionally prepared PA–40 personal income tax return, reporting taxable income. (Commonwealth, Ex. A.)[1] Taxpayers listed their address in Ambler, Pennsylvania. (*Id.*) The PA–40 included Mrs. Szabo's salary from Aetna Life Insurance Company (Aetna) and a Form W–2 issued by Aetna. (Ex. A.) In 2010, Taxpayers filed an amended return claiming $0 taxable income and seeking a refund of all taxes paid by them, plus interest. (Ex. B.) Taxpayers included a self-prepared Form 4852, which is a substitute for Form W–2. Form 4852 indicated that although Mrs. Szabo was employed by Aetna, she received $0 in wages, tips, and other compensation.

The Department responded to the return by issuing an assessment, essentially

---

1. All citations to exhibits herein are to exhibits submitted by the Commonwealth.

sustaining Taxpayers' original return and imposing a frivolous tax return penalty of $500 under section 352(i) of the Tax Reform Code of 1971 (Code), 72 P.S. § 7352(i).[2] (Ex. C.) Taxpayers appealed to the BOA, which sustained the assessment, including the penalty. (Ex. D.) Taxpayers then appealed to the BFR, which denied the petition for review on jurisdictional grounds because the petition was filed one day late. Taxpayers petitioned for review to this court.

For 2007 and 2008, Taxpayers filed their professionally prepared PA–40 returns, reporting taxable income. (Exs. E, I.) Taxpayers listed their address in Ambler, Pennsylvania. (*Id.*) The PA–40s included Mrs. Szabo's salary from Aetna and also included the Form W–2s issued by Aetna. Thereafter, in 2010, Taxpayers filed an amended return for each of the years, claiming $0 taxable income and seeking a refund of all money paid by them, plus interest. (Exs. F, J.) Taxpayers included Form 4852, prepared by them, which indicated that although Mrs. Szabo was employed by Aetna, she received $0 in wages, tips, and other compensation in 2007 and 2008.

The Department responded to the returns by issuing assessments, essentially sustaining Taxpayers' original returns and imposing a frivolous tax return penalty of $500 under section 352(i) of the Code, 72 P.S. § 7352(i), for each year. (Exs. G, K.) Taxpayers appealed to the BOA, which

sustained the assessments and penalties. (Exs. H, L.) Taxpayers petitioned for review to the BFR.

For 2009, Taxpayers filed their personally prepared PA–40 return, which listed their Ambler, Pennsylvania address. (Ex. M.) Taxpayers reported $0 taxable income and requested a refund of the tax withheld from Mrs. Szabo's salary by Aetna. Taxpayers included Form 4852, prepared by them, which indicated that although Mrs. Szabo was employed by Aetna, she received $0 in wages, tips, and other compensation.

The Department responded to the return by issuing an assessment, essentially taxing Mrs. Szabo's salary and imposing a frivolous tax return penalty of $500 under section 352(i) of the Code, 72 P.S. § 7352(i). (Ex. N.) Taxpayers appealed to the BOA, which sustained the assessment. (Ex. O.) Taxpayers petitioned for review to the BFR.

■ The BFR consolidated the 2007, 2008, and 2009 cases and denied Taxpayers' petitions. Taxpayers petitioned for review and this court consolidated Taxpayers' 2007, 2008, and 2009 cases with their 2006 case.[3]

■ The parties could not stipulate to the facts. By order dated September 24, 2013, this court directed the parties to submit all documentary and testimonial evidence. Both parties complied, and the

---

**2.** Act of March 4, 1971, P.L. 6, *as amended.*

**3.** For the sake of judicial economy, the Commonwealth has waived any jurisdictional defense it could raise in its opposition to the 2006 appeal. (Commonwealth's Br. at 11 n. 5.) However, the issue of subject matter jurisdiction is not waivable and may be raised by this court *sua sponte. See Davis v. City of Philadelphia,* 702 A.2d 624, 625–26 (Pa. Cmwlth.1997).

In its decision, the BFR stated that the BOA issued its decision on September 23, 2011. Taxpayers then appealed to the BFR on December 23, 2011, which was one day beyond the 90–day statutory time period set forth in section 2704(a) of the Code, 72 P.S. § 9704(a). Because the documents necessary to determine whether Taxpayers' appeal was untimely are not part of the evidence provided by the parties to this court, we are unable to determine the timeliness of the appeal.

documents were admitted into evidence by order dated January 16, 2014.[4]

Initially, Taxpayers claim that the BFR misstated the issues on review before it. However, how the BFR stated the issues has no bearing on our *de novo* review.

■ Next, Taxpayers argue that Mrs. Szabo received "earnings" from Aetna, "earnings" are not included in the definition of "compensation," and, therefore, Mrs. Szabo's "earnings" are not taxable. We disagree. Section 301(d) of the Code, 72 P.S. § 7301(d), provides:

> (d) **"Compensation"** means and shall include salaries, wages, commissions, bonuses and incentive payments whether based on profits or otherwise, fees, tips and *similar remuneration received for services rendered,* whether directly or through an agent, and whether in cash or in property.

(Emphasis added.) Mrs. Szabo, as acknowledged in Taxpayers' brief, received remuneration for services she provided to Aetna. (Taxpayers' Br. at 6.) As such, her "earnings" are "compensation."

■ Taxpayers also argue that the BFR ignored their legitimate evidentiary filings. Specifically, Taxpayers maintain that the BFR ignored language contained in their appeal petitions. (*Id.* at 13, 16.) However, the appeal petitions have not been made part of the record before this court and, as such, are not reviewable.

Taxpayers next argue that the self-prepared Form 4852s, which report $0 income, constitute substantial evidence to rebut the information presented in the Form W–2s from Aetna. We disagree. Taxpayers' claim of $0 income is premised on the theory that Mrs. Szabo's "earnings" from Aetna are not "compensation." We previously addressed this issue and again reiterate that "earnings" constitute "compensation" and, as such, Taxpayers' claim of $0 income is patently false.

■ Next, Taxpayers claim that the Department erred in imposing penalties for a frivolous filing. Section 352(i) of the Code, 72 P.S. § 7352(i), authorizes the imposition of a penalty upon an "individual, estate or trust." "Individual" as defined in section 301($l$) of the Code, 72 P.S. § 7301($l$), includes "a natural person." "Person" as defined in 301($o$) of the Code, 72 P.S. § 7301($o$), "means any individual employer, association, fiduciary, partnership, corporation or other entity, estate or trust, resident or nonresident." Taxpayers argue because neither is an "individual employer, association, fiduciary, partnership, corporation or other entity," the imposition of a penalty upon them is not authorized by the statute. (Taxpayers' Br. at 20.) Again, we disagree.

The term "Person" also includes a "resident." Section 301(p) of the Code, 72 P.S. § 7301(p), defines "Resident individual" to include "an individual who is domiciled in this Commonwealth." As indicated on their PA–40 forms, Taxpayers resided in Pennsylvania. Moreover, in their brief to this court, Taxpayers state that from 2006 through 2009 they "were domiciled at ... Susquehanna Road, Ambler, Pennsylvania." (Taxpayers' Br. at 6.) As such, Taxpayers are subject to the penalties contained in section 352(i) of the Code, 72 P.S. § 7352(i).

■ Taxpayers next argue that the BFR improperly placed the burden of proof on Taxpayers. Section 705 of the Code, 72 P.S. § 9705, provides that "[e]xcept as otherwise provided by this act, in

---

**4.** "Our scope of review in appeals from decisions of the [BFR] is *de novo* because we function as a trial court, even though such cases are heard in our appellate jurisdiction." *Hvizdak v. Commonwealth,* 50 A.3d 788, 791 n. 3 (Pa.Cmwlth.2012).

all cases of petitions filed pursuant to this article, the burden of proof shall be upon the petitioner or appellant, as the case may be." In accordance with the Code, Taxpayers had the burden of proof and, as such, we find no error.

■ Finally, Taxpayers assert that they have the right to acquire property and that the BFR, without lawful authority, has claimed control and possession of Taxpayers' property. We disagree. Section 302(a) of the Code, 72 P.S. § 7302(a), provides that "[e]very resident individual ... *shall pay for the privilege of receiving each of the classes of income.*" (Emphasis added.) *See Roytburd v. Commonwealth,* 958 A.2d 1064, 1068 (Pa.Cmwlth.2008), *aff'd,* 601 Pa. 103, 971 A.2d 1125 (2009) (stating that because the petitioner received income "he has received a privilege for which he is subject to the income tax.")

Accordingly, we affirm.

### ORDER

AND NOW, this *6th* day of *June,* 2014, we hereby affirm the December 13, 2011, and May 22, 2012, orders of the Board of Finance and Revenue. This order shall become final unless exceptions are filed within thirty days pursuant to Pa. R.A.P. 1571(i).

